**KOLLER LAW LLC**
David M. Koller, Esq. (90119)                                  *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CAMILLE GROOM,** | : | Civil Action No. |
| 108 West 11th Avenue | : | |
| Shamokin Dam, PA 17876 | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **THE YANKEE CANDLE COMPANY, INC.,** | : | |
| 1 Susquehanna Valley Mall Drive | : | |
| Selinsgrove, PA 17870 | : | |
| | : | |
| P.O. Box 110 | : | |
| South Deerfield, MA 01373 | : | |
| Defendant. | : | |

**CIVIL ACTION**

Plaintiff, Camille Groom (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against The Yankee Candle Company, Inc. (hereinafter "Defendant"), for violations of the Americans with Disabilities Act of 1990 ("ADA"), as amended, and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, The Yankee Candle Company, Inc. is a manufacturer and

retailer of scented candles and accessories with a location at 1 Susquehanna Valley Mall Drive, Selinsgrove, PA 17870 and with a corporate headquarters located at P.O. Box 110, South Deerfield, MA 01373.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein

pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because some of the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under the ADA and the PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation against Defendant.

14. The Complaint was assigned a Charge Number of 530-2020-02634 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated April 30, 2021.  Plaintiff received the notice by mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

### PLAINTIFF WAS HIRED AS A STORE MANAGER AND PERFORMED WELL

20. On July 6, 2018, Defendant hired Plaintiff in the position of Store Manager.

21. Plaintiff was well qualified for her position and performed well.

### DEFENDANT DID NOT ADEQUATELY STAFF PLAINTIFF'S STORE

22. At the start of Plaintiff's employment, Plaintiff noticed Defendant significantly understaffed her store.

23. As a result of the inadequate staffing at Plaintiff's store, she was forced to perform constant lifting and bending.

### THE LIFTING AND BENDING AGGRAVATED PLAINTIFF'S DISABILITY

24. This constant lifting and bending severely aggravated symptoms of Plaintiff's degenerative disc disease, including, but not limited to, sciatica and severe pain.

25. The major life activities affected by degenerative disc disease, include, but are not limited to, performing manual tasks, lifting, bending and working, among others.

### PLAINTIFF COMPLAINED TO DISTRICT MANAGER, WHO DID NOTHING

26. In or around mid-August 2018, Plaintiff began to complain to Val Smith, District Manager, about needing assistance due to the manual tasks she was required to perform due to the short staffing at her store, which exacerbating symptoms of her degenerative disc disease.

27. However, Ms. Smith refused to provide the support or assistance to Plaintiff that Plaintiff requested, and otherwise refused and/or failed to fully discuss this matter with Plaintiff in a way that would determine an acceptable solution/resolution.

## PLAINTIFF AGAIN COMPLAINED TO DISTRICT MANAGER

28. In or around October 2018, Plaintiff complained again to Ms. Smith.

29. Again, Ms. Smith did not provide Plaintiff with any assistance or solutions, requested or otherwise.

## PLAINTIFF SOUGHT MEDICAL TREATMENT

30. On or around November 26, 2018, Plaintiff informed Ms. Smith that she needed to be examined by a physician due to the amount of pain that she was in.

31. On November 27, 2018, Plaintiff was examined by Dr. James Widmaier, Orthopedic Surgeon, who removed Plaintiff from work due to her degenerative disc disease.

32. Dr. Widmaier placed Plaintiff on a medical leave of absence, starting that same day on November 27, 2018.

## PLAINTIFF WENT OUT ON A MEDICAL LEAVE AND HAD SURGERY

33. Plaintiff was out of work from November 27, 2018 and was not provided an initial return to work date until she had been examined and medically cleared by an Orthopedic Surgeon.

34. On April 23, 2019, Plaintiff had a spinal fusion at L4-S1 performed by Dr. Gregory Bailey, Orthopedic Surgeon, to treat her degenerative disc disease.

35. Defendant would not let Plaintiff return to work during this time period until she could perform frequent lifting and bending again.

## PLAINTIFF KEPT DEFENDANT AND UNUM INFORMED OF HER STATUS

36. On or around November 20, 2019, Plaintiff informed Defendant's third-party benefits administrator, Unum, that she had an appointment with Dr. Bailey on January 19, 2020, to determine if Plaintiff could return to work.

37. At all relevant times, Plaintiff also was keeping Defendant informed of her employment status, health, and anticipated return to work. She was communicating with Ms. Smith and Chantal LNU, Human Resource Representative, at Defendant.

38. Plaintiff was not informed that there was issue with this.

**DEFENDANT TERMINATED PLAINTIFF IN VIOLATION OF THE LAW**

39. On December 7, 2019, Plaintiff received a termination letter from Defendant dated November 26, 2019.

40. The date of the letter was just six days after Plaintiff notified Unum of her January 19, 2020 doctor's appointment. Plaintiff had also notified Ms. Smith of this doctor's appointment.

41. Defendant alleged that the reason for Plaintiff's termination was that it could not accommodate her requested extension to her approved medical leave of absence.

**DEFENDANT FAILED TO ACCOMMODATE/RETALIATED AGAINST PLAINTIFF**

42. It is Plaintiff's position that she was discriminated against due to her disability, denied a reasonable accommodation in the form of an extension to her otherwise approved medical leave of absence, and retaliated against for requesting such a reasonable accommodation.

43. The conduct of Defendant violated the ADA and applicable state law.

**COUNT I – DISABILITY DISCRIMINATION**
**AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED**

44. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

45. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a

record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

46. Plaintiff was qualified to perform the job.

47. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

48. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

49. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

50. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

51. The purported reason for Defendant's decision is pretextual.

52. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

53. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

54. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT II – DISABILITY DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

55. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

56. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a

record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

57. Plaintiff was qualified to perform the job.

58. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

59. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

60. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

61. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

62. The purported reason for Defendant's decision is pretextual.

63. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

64. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

65. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT III – RETALIATION
### AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

66. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

67. Plaintiff engaged in activity protected by the ADA when she requested reasonable accommodations.

68. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but

not limited to, termination.

69. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT IV – RETALIATION
PENNSYLVANIA HUMAN RELATIONS ACT**

70. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

71. Plaintiff engaged in activity protected by the PHRA when she requested reasonable accommodations.

72. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

73. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Camille Groom, requests that the Court grant her the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e)   Reasonable attorneys' fees;

(f)   Recoverable costs;

(g)   Pre and post judgment interest;

(h)   An allowance to compensate for negative tax consequences;

(i)   A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA and the PHRA.

(j)   Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)   Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)   Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: July 29, 2021	**By:**	*/s/ David M. Koller*
		David M. Koller, Esquire (90119)
		2043 Locust Street, Suite 1B
		Philadelphia, PA 19103
		215-545-8917
		davidk@kollerlawfirm.com

		*Counsel for Plaintiff*